# United States District Court
## Middle District of Florida
### Orlando Division

MARIA I. CRUZ,

                      **Plaintiff,**

-vs-                                          **Case No.  6:12-cv-1098-Orl-22KRS**

WINTER GARDEN REALTY, LLC,
JAMES GARGASZ, JOHN GARGASZ,

                      **Defendants.**

_____

## Report And Recommendation

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PARTIES' JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 42)** |
| **FILED:** | **August 16, 2013** |

## I.    PROCEDURAL HISTORY.

Plaintiff Maria Cruz filed a complaint against her employer, Defendant Winter Garden Realty, LLC ("Winter Garden Realty") and two of its owners, employees, or agents[1], Defendants John and James Gargasz (Winter Garden Realty and John and James Gargasz are referred to collectively as "Defendants").  Plaintiff brought claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and Section 24, Article X of the Florida Constitution for

_____

[1]The record is unclear as to the positions these Defendants hold with Winter Garden Realty.

recovery of alleged unpaid minimum wage and overtime compensation. Doc. No. 1.  Winter

Garden Realty asserted counterclaims for intentional interference with contractual relationships,

civil theft and conversion against Cruz, Doc. No. 18, but the Court dismissed those counterclaims

without prejudice to refiling in state court because the exercise of supplemental jurisdiction was

not appropriate under 28 U.S.C. § 1367.  Doc. No.  29.  On August 13, 2013, Cruz and Defendants

provided notice to this Court that they had reached a full settlement.  Doc. No. 40.  They now seek

the Court's approval of their settlement of claims under the FLSA.  Doc. No. 42.   The motion was

referred to me for issuance of a Report and Recommendation.

## II.     APPLICABLE LAW.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the

United States Court of Appeals for the Eleventh Circuit explained that claims for compensation

under the FLSA may only be settled or compromised when the Department of Labor supervises

the payment of back wages or when the district court enters a stipulated judgment "after

scrutinizing the settlement for fairness." *Id.* at 1353.[2]  "*Lynn's Food* requires the parties to an

FLSA compromise to present the proposed agreement to the district court, which may enter a

stipulated judgment after scrutinizing the settlement for fairness." *Dees v. Hydradry, Inc.*, 706 F.

Supp.2d 1227, 1240 (M.D. Fla. 2010) (internal quotation and citation omitted).

When a settlement agreement includes an amount to be used to pay attorney's fees and

costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure

---

[2]*Lynn's Food Stores* requires a stipulated judgment.  Although the parties have not
submitted a proposed stipulated order of judgment, I construe their joint motion for approval of
the settlement and dismissal of the case with prejudice as a request for such a stipulated judgment.

both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 F. App'x 349, 351 (11th Cir. 2009).[3]  If the Court finds the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fee to a reasonable amount.  *See id.* at 351-352; *see also Bonetti v. Embarq Mgmt. Co.,* 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when "a settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

## III.    ANALYSIS.

### A.    *Settlement Agreement.*

The settlement agreement provides that Cruz will receive a total of $20,000.00, representing $3,500.00 for allegedly unpaid overtime, $3,500.00 for alleged liquidated damages, and $13,000.00  for attorney's fees and costs.  Doc. No. 42-1 ¶ 2.  Cruz also agrees to a general release of claims against Defendants and to waive her right to re-employment with Winter Garden Realty and related entities.  *Id.* ¶¶ 5, 7.  Defendants agree to release Cruz from any claims they may have against her.  *Id.* ¶ 5.  The parties also represent that, as a part of the settlement of this lawsuit,  the parties have agreed that Cruz will receive satisfaction of claimed restitution of $2,350.00 owed by Cruz to Defendants in a criminal case for theft that arose from the relationship

---

[3]  The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent.  *See* 11th Cir. R. 36-2 and I.O.P. 6.

between the parties.  Doc. No. 42 at 5.  The parties have filed a copy of an "Affidavit of

Satisfaction of Restitution" signed by Defendant James Gargasz showing that Cruz is receiving

this satisfaction of restitution.  Doc. No. 42-2.  The parties represent that this satisfaction has

additional value to Cruz because satisfaction of the restitution is a condition of Cruz's probation in

the criminal case and Cruz's failure to make the restitution has been an impediment to Cruz

receiving early release from probation.  Doc. No. 42 at 5-6.

   In her answers to the Court's interrogatories, Cruz averred that she was entitled to

$14,836.40 in unpaid minimum wage and overtime and $14,836.30 in liquidated damages, for a

total of $29,672.60, plus attorney's fees and costs.  Doc. No. 21-1 at 2.  As mentioned above,

under the proposed settlement agreement Cruz will receive $7,000.00 and her attorneys will

receive $13,000.00, for a total of $20,000.00.  Even adding the $2,350.00 in satisfaction of

restitution that Cruz will receive, it is apparent that she has compromised her claim within the

meaning of *Lynn's Food Stores*.

   B.     *Whether the Settlement is Fair and Reasonable.*

   Because Cruz has compromised her claims, under *Lynn's Food Stores*, the Court must

evaluate whether the settlement is fair and reasonable.  In their motion, the parties represent

(through counsel) that they have engaged in discovery.  They represent that, after evaluating the

evidence marshaled in discovery, Cruz considered a number of factors in deciding to compromise

her claim.  First, she concluded that she had a low degree of success of proving, as required, that

she was an employee of Defendants (as opposed to an independent contractor) and FLSA

coverage.  Second, she considered her ability to prove, as required, Defendants' knowledge of the

hours allegedly worked and the amount of hours allegedly worked.  Third, she considered the

viability of Defendants' good faith defense.  In light of these considerations, the parties represent, the viability of Cruz's claims are low.  Finally, Cruz considered the fact that she is unemployed and has young children at home.  Doc. No. 42 at 3-5.  Accordingly, I recommend that the Court find that the parties have adequately disclosed the facts and circumstances underlying the decision to settle Cruz's claims and that the parties' agreement represents a fair and reasonable compromise of Cruz's claims.

On this point, some judges have found that release of claims other than the wage claims raised in an FLSA case and other non-cash concessions may render a settlement agreement unfair.  *See, e.g.*, *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1347-1353 (M.D. Fla. 2010); *Bright v. Mental Health Res. Ctr., Inc.*, Case No. 3:10-cv-427-J-37TEM, 2012 WL 868804, at *4-5 (M.D. Fla. March 15, 2012).  However, when an FLSA case involves claims other than failure to pay minimum wages and overtime compensation, and the release is mutual, judges have found that the release does not render the settlement unfair.  *See, e.g.*, *Bright*, 2012 WL 868804, at *5 (approving settlement agreement as to one employee who signed a general release in exchange for the employer foregoing its counterclaims against her); *Bacorn v. Palmer Auto Body & Glass, LLC*, No. 6:11-cv-1683-Orl-28KRS, 2012 WL 6803586 (M.D. Fla. Dec. 19, 2012), report and recommendation adopted, 2013 WL 85066 (M.D. Fla. Jan. 8, 2013) (approving a settlement agreement in a case involving unpaid wage and retaliation claims where employee signed a general release in exchange for a mutual release from employer).  Likewise, where a plaintiff indicates that she does not desire re-employment, the inclusion of a waiver of future employment does not render the settlement unfair.  *Robertson v. Ther-Rx Corp.*, Case No. 2:09cv1010-MHT(WO), 2011 WL 1810193, at *2 (M.D. Ala. May 12, 2011).

In this case, Winter Garden Realty asserted claims against Cruz based on her alleged conversion or civil theft of funds from them and her alleged tortious interference with their contractual relationships. Doc. No. 18. Under a plea agreement in a state criminal proceeding, Cruz was also required to pay $2,350.00 in restitution. Doc. No. 42 at 5 & n.6; Doc. No. 42-2. As a part of the settlement, Defendants are foregoing their right to sue Cruz and their right to $2,350.00 in restitution from Cruz. Because this case involves claims other than violation of the minimum wage and overtime provisions of the FLSA, and the parties have agreed to a mutual release of claims, the Court may find that the settlement agreement is fair despite the scope of the release to which Cruz is agreeing. In addition, in this case, the settlement agreement recites that Cruz does not desire re-employment with Winter Garden Realty or related entities. Therefore, the Court may find that the settlement agreement is fair despite Cruz's waiver of her right to future employment with Defendants and related entities.

    *C.    Attorney's Fees.*

Because Cruz compromised her FLSA claims, the Court must consider whether the payment to her attorneys is reasonable. This analysis allows the Court to ensure that the attorney's fees and costs to be paid did not improperly influence the amount Cruz agreed to accept to settle the case. Here, the settlement agreement provides that Plaintiff's attorneys will receive $13,000.00 for fees and costs. The parties represent that this amount was agreed upon separately and without regard to the amount paid to Cruz. Doc. No. 42-1 ¶ 2(C). When, as here, the payment to the attorney was agreed upon separately, without regard to the amount paid to the plaintiff, then, "unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to [her]

attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti v. Embarq Mgt. Co.*, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009).  Although the amount of fees is higher than the amount Cruz will receive, I note that this case has been pending for more than a year and that it has involved briefing on Cruz's (successful) motion to dismiss Winter Garden Realty's counterclaims, discovery, and a side-trip to state criminal court to resolve the restitution issue.  I also note that, with respect to Cruz's recovery, the parties have identified substantial impediments to her success on her FLSA claims.  Under these circumstances, the settlement does not appear unreasonable on its face, and there is no reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to her attorney.  Therefore, the Court may approve this settlement without separately considering the reasonableness of the attorney's fees.

## IV.    RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the Court do the following:

1.    **GRANT** the Parties' Joint Motion for Approval of Settlement, and **FIND** that the settlement is a fair and reasonable resolution of a *bona fide* dispute under the FLSA[4];

2.    **PROHIBIT** counsel for Plaintiff from withholding any amounts payable to Plaintiff under the settlement agreement pursuant to a contingent fee agreement or otherwise;

3.    **ORDER** counsel for Plaintiff to provide a copy of the Court's Order to Plaintiff;

4.    **DISMISS** the case with prejudice; and,

---

[4]  In so recommending, I take no position on whether all of the provisions of the parties' settlement agreement are enforceable as written.  That issue can only be decided in the context of an attempt to enforce the settlement agreement, if such an attempt is ever made.

5.      **DIRECT** the Clerk to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 3, 2013.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy